# EXHIBIT "A"

10/25/2022

ANDRES & BERGER, P.C.
Abraham Tran, Esquire - Attorney ID No. 035762012
264 Kings Highway East
Haddonfield, New Jersey 08033
Phone: (856) 795-1444
Fax: (856) 795-4464
Email: atran@andresberger.com

LEGAL DEPARTMENT

OCT 25 2022

Attorneys for Plaintiff

| | | |
|---|---|---|
| MICHAEL SILVA | | **SUPERIOR COURT OF NEW JERSEY** |
| | | **LAW DIVISION** |
| | Plaintiffs, | **ATLANTIC COUNTY** |
| | | |
| vs. | | **DOCKET NO. ATL-L-2796-22** |
| | | |
| HARRAH'S ATLANTIC CITY OPERATING | | **CIVIL ACTION** |
| COMPANY LLC d/b/a HARRAH'S RESORT | | |
| ATLANTIC CITY, CASEAR'S ENTERTAINMENT | | **SUMMONS** |
| CORPORATION, and JOHN DOE I-XII | | |
| | | |
| | Defendants | |

**THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(s):**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A filing fee of $135.00 payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:   October 24, 2022                       /s/ Michelle M. Smith
                                                CLERK OF THE SUPERIOR COURT

Name of Defendant to be served:   **HARRAH'S ATLANTIC CITY**
Address for Service:              **777 HARRAH'S BOULEVARD**
                                  **ATLANTIC CITY, NJ 08401**

# Directory of Superior Court Deputy Clerk's Offices
# County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**ANDRES & BERGER, PC**
ABRAHAM TRAN - Attorney ID: 035762012
Email: atran@andresberger.com
264 Kings Highway East
Haddonfield, NJ 08033
Phone: (856) 795-1444
Fax: (856) 795-4464
*Attorney(s) for Plaintiff*

| | |
|---|---|
| MICHAEL SILVA,<br><br>Plaintiff(s),<br><br>vs.<br><br>HARRAH'S ATLANTIC CITY OPERATING COMPANY LLC d/b/a HARRAH'S RESORT ATLANTIC CITY, CAESAR'S ENTERTAINMENT CORPORATION, and JOHN DOE I-XII<br><br>Defendants(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

The plaintiff, Michael Silva, residing in Atlantic City, Atlantic County, State of New Jersey, by way of Complaint against the defendants, says:

### FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

1. At all times mentioned herein, the plaintiff, Michael Silva, was an individual residing at 607 Indiana Ave, Atlantic City, NJ 08401.

2. At all times relevant hereto, the defendant, Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Resort Atlantic City (hereinafter "Harrah's Resort Atlantic City"), operated a casino at 777 Harrah's Boulevard, Atlantic City, New Jersey 08401.

3. At all times relevant hereto, the defendant, Caesar's Entertainment Group, was the owner and/or possessor and/or occupier and/or operator of the casino property located at 777 Harrah's Boulevard, Atlantic City, New Jersey 08401.

4. On October 16, 2020, the plaintiff, Michael Silva, was lawfully on the premises known as Harrah's Resort Atlantic City, 777 Harrah's Boulevard, Atlantic City, New Jersey 08401.

5. At all times relevant hereto, the plaintiff, Michael Silva, was a business invitee on the premises of the defendant, Harrah's Resort Atlantic City, 777 Harrah's Boulevard, Atlantic City, New Jersey 08401.

6. At all times relevant hereto, the defendant, Harrah's Resort Atlantic City, was the owner and/or possessor and/or occupier and/or operator of the casino property located at 777 Harrah's Boulevard, Atlantic City, New Jersey 08401.

7. The defendant, Harrah's Resort Atlantic City, was legally responsible for the design, layout, construction, operation, inspection, management, maintenance, supervision, and conditions on or about the casino property.

8. The defendant, Harrah's Resort Atlantic City, was legally obligated to provide a safe and secure environment for its customers, guests, and/or business invitees, including the plaintiff, Michael Silva.

9. At all times relevant hereto, the defendant, Caesar's Entertainment Corporation, having a principal place of business at 1 Caesar's Palace Drive, Las Vegas, Nevada 89101, was the owner and/or operator of Harrah's Resort Atlantic City, 777 Harrah's Boulevard, Atlantic City, New Jersey 08401.

10. The defendant, Caesar's Entertainment Corporation, was legally responsible for the design, layout, construction, operation, inspection, management, maintenance, supervision, and conditions on or about the casino property.

11. The defendant, Caesar's Entertainment Corporation, was legally obligated to provide a safe and secure environment for its customers, guests, and/or business invitees, including the plaintiff, Michael Silva.

12. On October 16, 2020, the plaintiff, Michael Silva, was legally on the premises of Harrah's Resort Atlantic City, 777 Harrah's Boulevard, Atlantic City, New Jersey 08401, when he was caused to fall due to dangerous and unsafe conditions of the property.

13. At the aforesaid time and place, the plaintiff, Michael Silva, was specifically in a public restroom on the premises of Harrah's Resort Atlantic City.

14. As the result of the described incident and the negligence and carelessness of the defendants aforesaid, Michael Silva, suffered serious permanent injuries, which injuries required medical treatment, incurred medical expenses, and have caused pain and suffering, disability and impairment and loss of enjoyment of life.

## FIRST COUNT

15. On or about October 16, 2020, the plaintiff, Michael Silva, was lawfully on the premises known as Harrah's Resort Atlantic City.

16. At the aforesaid time and place, the plaintiff, Michael Silva, was specifically in a public restroom on the premises of Harrah's Resort Atlantic City.

17. At the aforesaid time and place, the plaintiff, Michael Silva, was caused to fall.

18. The defendant(s), Harrah's Resort Atlantic City and/or Caesar's Entertainment Corporation, were the owners, and/or possessors, and/or occupiers, of the previously described land and/or premises.

19. The defendant(s), Harrah's Resort Atlantic City and/or Caesar's Entertainment Corporation, were legally responsible for the maintenance and conditions on or about the previously described land and/or premises.

20. The defendant(s) Harrah's Resort Atlantic City and/or Caesar's Entertainment Corporation, were legally responsible for the design, layout, construction, management, operation, inspection, and maintenance on or about the previously described land and/or premises.

21. The defendant(s), Harrah's Resort Atlantic City and/or Caesar's Entertainment Corporation, were obligated to or legally responsible for the construction, inspection, maintenance, operation, repair and/or supervision of the previously described land and/or premises.

22. The defendant(s), Harrah's Resort Atlantic City and/or Caesar's Entertainment Corporation, were negligent and careless in that they caused and permitted unsafe, dangerous and hazardous conditions and defects to exist on the land and/or premises, failed to warn of such defects, failed to make proper inspection, wrongfully caused plaintiff to come into contact with such defects and were otherwise inattentive, careless and negligent.

23. As a direct and proximate result of the negligence and carelessness of the defendant(s), Harrah's Resort Atlantic City and/or Caesar's Entertainment Corporation, the plaintiff, Michael Silva, was caused to fall.

24. As a direct and proximate result of the negligence and carelessness of the defendant(s), Harrah's Resort Atlantic City and/or Caesar's Entertainment Corporation, the plaintiff, Michael Silva, suffered permanent injuries which injuries required medical treatment and

incurred medical expenses for said treatment, caused pain and suffering, disability and impairment and the loss of enjoyment of life and incapacitated plaintiff from pursuing normal and other usual activities and will in the future require additional medical treatment and result in continuing pain and suffering, disability and impairment and loss of enjoyment of life.

WHEREFORE, the plaintiff, Michael Silva, demands judgment against the defendant(s), Harrah's Resort Atlantic City and/or Caesar's Entertainment Corporation, for damages, counsel fees, interest and costs of suit.

## SECOND COUNT

25.   The plaintiff repeats the previous allegations of the Complaint in their entirety and incorporates same by reference.

26.   At all times mentioned herein, the defendant(s), John Does I-III, are fictitious individuals or entities individually or jointly were the owners, and/or possessors, and/or occupiers, of the previously described land and/or premises known as Harrah's Resort Atlantic City.

27.   The defendant(s), John Does I-III, were legally responsible for the maintenance and conditions on or about the previously described land and/or premises.

28.   The defendant(s), John Does I-III, were legally responsible for the design, layout, construction, operation, and maintenance of the property commonly known as Harrah's Resort Atlantic City, including the Harrah's Resort Atlantic City.

29.   The defendant(s), John Does I-III, were obligated to or legally responsible for the design, layout, construction, management, operation, inspection, maintenance, repair and/or supervision of the previously described land and/or premises.

30.   The defendant(s), John Does I-III, were negligent and careless in that they caused and permitted unsafe, dangerous and hazardous conditions to exist and failed to warn of such

dangerous conditions, failed to make proper inspection, and wrongfully caused and permitted plaintiff to come into contact with such foreseeable and dangerous conditions as existed and were otherwise careless and negligent.

31.   As a direct and proximate result of the negligence and carelessness of the defendant(s), John Does I-III, the plaintiff, Michael Silva, was injured.

32.   As a direct and proximate result of the negligence and carelessness of the defendant(s), John Does I-III, the plaintiff, Michael Silva, suffered permanent injuries, which injuries required medical treatment and incurred medical expenses, caused pain and suffering, disability and impairment and the loss of enjoyment of life and incapacitated plaintiff from pursuing normal and other usual activities and will in the future require additional medical treatment and result in continuing pain and suffering, disability and impairment and loss of enjoyment of life.

WHEREFORE, the plaintiff, Michael Silva, demands judgment against the defendant(s), John Does I-III, for damages, counsel fees, interest and costs of suit.

### THIRD COUNT

33.   The plaintiff repeats the previous allegations of the Complaint in their entirety and incorporates same by reference.

34.   At all times mentioned herein, the defendant(s), John Does IV-VI, are fictitious individuals or entities who individually or jointly were legally responsible for the maintenance of the bathroom where plaintiff fell within the premises known as Harrah's Resort Atlantic City.

35.   The defendant(s), John Does IV-VI, were legally responsible for the maintenance and conditions on or about the previously described bathroom.

36.   The defendant(s), John Does IV-VI, were legally responsible for the design, layout,

construction, operation, and maintenance of the previously described bathroom.

37. The defendant(s), John Does IV-VI, were obligated to or legally responsible for the design, layout, construction, management, operation, inspection, maintenance, repair and/or supervision of the previously described bathroom.

38. The defendant(s), John Does IV-VI, were negligent and careless in that they caused and permitted unsafe, dangerous and hazardous conditions to exist and failed to warn of such dangerous conditions, failed to make proper inspection, and wrongfully caused and permitted plaintiff to come into contact with such foreseeable and dangerous conditions as existed and were otherwise careless and negligent.

39. As a direct and proximate result of the negligence and carelessness of the defendant(s), John Does IV-VI, the plaintiff, Michael Silva, was injured.

40. As a direct and proximate result of the negligence and carelessness of the defendant(s), John Does IV-VI, the plaintiff, Michael Silva, suffered permanent injuries, which injuries required medical treatment and incurred medical expenses, caused pain and suffering, disability and impairment and the loss of enjoyment of life and incapacitated plaintiff from pursuing normal and other usual activities and will in the future require additional medical treatment and result in continuing pain and suffering, disability and impairment and loss of enjoyment of life.

WHEREFORE, the plaintiff, Michael Silva, demands judgment against the defendant(s), John Does IV-VI, for damages, counsel fees, interest and costs of suit.

## FOURTH COUNT

41. The plaintiff repeats the previous allegations of the Complaint in their entirety and incorporates same by reference.

42. The defendant(s), John Doe VII-IX, are fictitious individuals or entities who were responsible for the management, operation and maintenance of the previously described bathroom and/or premises.

43. The defendant(s), John Doe VII-IX, were negligent and careless in that they caused and permitted unsafe, dangerous and hazardous conditions and defects to exist on the land and/or premises, and otherwise inattentive, careless and negligent.

44. As a direct and proximate result of the negligence and carelessness of the defendant(s), John Doe VII-IX, the plaintiff was caused to fall while lawfully on the land and/or premises.

45. 5. As a direct and proximate result of the negligence and carelessness of the defendant(s), John Doe VII-IX, aforesaid, the plaintiff suffered permanent injuries, which injuries required medical treatment and incurred medical expenses, caused pain and suffering, disability and impairment and the loss of enjoyment of life and incapacitated plaintiff from pursuing normal and other usual activities and will in the future require additional medical treatment and result in continuing pain and suffering, disability and impairment and loss of enjoyment of life.

WHEREFORE, the plaintiff, Michael Silva, demands judgment against the defendant(s), John Doe VII-IX, for damages, counsel fees, interest and costs of suit.

### FIFTH COUNT

46. The plaintiff repeats the previous allegations of the Complaint in their entirety and incorporates same by reference.

47. The defendant(s), John Doe X-XII, are fictitious individuals or entities who were obligated to or responsible for the construction, inspection, maintenance, repair and/or supervision of the previously described land and/or premises.

48. The defendant(s), John Doe X-XII, were negligent and careless in that they caused and permitted unsafe, dangerous and hazardous conditions and defects to exist on the land and/or premises, and were otherwise inattentive, careless and negligent.

49. As a direct and proximate result of the negligence and carelessness of the defendant(s), John Doe X-XII, inclusive, the plaintiff was caused to fall while lawfully on the land and/or premises.

50. As a direct and proximate result of the negligence and carelessness of the defendant(s), John Doe X-XII, aforesaid, the plaintiff suffered permanent injuries, which injuries required medical treatment and incurred medical expenses, caused pain and suffering, disability and impairment and the loss of enjoyment of life and incapacitated plaintiff from pursuing normal and other usual activities and will in the future require additional medical treatment and result in continuing pain and suffering, disability and impairment and loss of enjoyment of life.

WHEREFORE, the plaintiff, Michael Silva, demands judgment against the defendant(s), John Doe X-XII, for damages, counsel fees, interest and costs of suit.

### SIXTH COUNT

51. The plaintiff repeats the previous allegations of the Complaint in their entirety and incorporates same by reference.

52. The defendant(s), Harrah's Resort Atlantic City, Caesar's Entertainment Corporation, and/or John Does I-XII, were engaged in a joint enterprise and are jointly and severally liable to the plaintiff.

WHEREFORE, the plaintiff, Michael Silva, demands judgment against the defendant(s), Harrah's Resort Atlantic City, Caesar's Entertainment Corporation, and/or John Does I-XII, for damages, counsel fees, interest and costs of suit.

## JURY DEMAND

The plaintiff, Michael Silva, hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, ABRAHAM TRAN, ESQUIRE, is hereby designated as trial counsel on behalf of the plaintiff.

## DEMAND FOR UNIFORM INTERROGATORIES

Pursuant to R.4:17-1, demand is hereby made that the defendant(s) provide answers to Uniform Interrogatory forms C and C(2) appearing in Appendix II of the N.J. Court Rules.

## DEMAND FOR DISCLOSURE OF NON-PARTIES PURSUANT TO R.4:5-1(b)(2)

Please take notice that plaintiff hereby demands strict compliance with R.4:5-1(b)(2) which requires that "each party shall disclose in the certification the names of any non-party who should be joined in the action pursuant to R.4:28 or who is subject to joinder pursuant to R.4:29-1(b) because of potential liability to any party on the basis of the same transactional facts."

Plaintiff hereby demands that defendant(s) review all available records, undertake reasonable investigation and determine the identity of any other individuals or entities who should be joined in this action pursuant to R. 4:5-1(b)(2).

The failure to identify non-parties pursuant to this rule will result in an application for sanctions as well as for expenses incurred in connection with the discovery of individuals who should have been identified pursuant to the rule.

## NOTICE OF OTHER ACTIONS

ABRAHAM TRAN, ESQUIRE, of full age, hereby certifies as follows:

1. The matter in controversy is not the subject of any action pending in any Court or of a

pending Arbitration proceeding.

2. There are no other known parties who should be joined in the action at this time.

3. Pursuant to R.4:21A-1, you are hereby advised that this matter is appropriate for Mandatory Arbitration.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                      Respectfully submitted,
                                      ANDRES & BERGER, P.C.

                                      ABRAHAM TRAN, Esq. - Attorney ID: 035762012
                                      Email: atran@andresberger.com

Date: October 14, 2022           *Attorney(s) for Plaintiff*

# Civil Case Information Statement

### Case Details: ATLANTIC | Civil Part Docket# L-002796-22

**Case Caption:** SILVA MICHAEL VS HARRAHS ATLANTIC CIT Y OPERATI
**Case Initiation Date:** 10/14/2022
**Attorney Name:** ABRAHAM V TRAN
**Firm Name:** ANDRES & BERGER, PC
**Address:** 264 KINGS HIGHWAY EAST HADDONFIELD NJ 08033
**Phone:** 8567951444
**Name of Party:** PLAINTIFF : Silva, Michael
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Michael Silva?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/14/2022
Dated

/s/ ABRAHAM V TRAN
Signed